UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**UNITED STATES OF AMERICA**,                                  :
                                                               :
         – against –                :   **MEMORANDUM DECISION AND ORDER**
                                                               :
**TEMAGEN STEPHENSON**,                                        :   20-CR-511 (AMD)
                                                               :
                Defendant.                        :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The defendant is charged with one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Currently before the Court is the defendant's motion to suppress his post-arrest statements and his parole officer's identification of him, as well as his *pro se* supplemental motion to dismiss the indictment. For the reasons that follow, the motions are denied.

## BACKGROUND

      According to the complaint filed in support of an application for an arrest warrant for the defendant, the defendant was captured on surveillance video outside of an apartment building in Brooklyn, New York on August 31, 2020, passing a gun to another person, who then shot a third person. (ECF No. 1 ¶ 2.) Shortly after the shooting, an NYPD evidence collection unit recovered two .380 shell casings and a bullet fragment from the area. (*Id.*) At the time of the shooting, the defendant had multiple felony convictions: robbery in 1993 and 1994, and witness intimidation in 2000. (*Id.* ¶ 8.)

      Detectives reviewed the surveillance video of the shooting in early September 2020. (*Id.* ¶ 3.) On October 7, 2020, officers did a targeted canvas based on the surveillance video and other information they had received. (*Id.* ¶ 4.) During the canvas, officers approached the

defendant, and asked for his identification; when they checked his criminal history, they learned that he was on lifetime parole. (*Id.*) On October 20, 2020, officers showed the defendant's parole officer the surveillance video, and the parole officer identified the defendant as the person who handed the gun to the shooter. (*Id.* ¶ 5.)

Officers arrested the defendant two days later on October 22, and advised him of his constitutional rights. (*Id.* ¶ 6; ECF No. 61.) The defendant waived those rights and agreed to speak with police. (ECF No. 1 ¶ 6; ECF No. 61.) During the questioning, the defendant identified himself as the person in the surveillance video, and admitted that he passed the gun to the shooter. (ECF No. 1 ¶ 6; ECF No. 61.)

On March 30, 2021, the defendant moved *pro se* to dismiss the indictment, to suppress evidence, and for pretrial hearings.[1] (ECF No. 38.) On April 12, 2021, the defendant, through counsel, submitted a motion to suppress. (ECF No. 41.) The government opposed. (ECF No. 50.) After a status conference on August 2, 2021, the government submitted the video of the defendant's interrogation in support of its opposition. (ECF No. 61.)

## DISCUSSION

### I. Motion to Dismiss

In his *pro se* submission, the defendant moves to dismiss the indictment. Liberally construed, the defendant argues that the superseding indictment must be dismissed because he is innocent of the crimes charged, because of *res judicata* principles and because the government has not established jurisdiction. (ECF No. 38-1.) These arguments are not persuasive.

"The dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights." *United States v. De La Pava*, 268 F.3d

---

[1] Counsel made limited redactions to the motion with the defendant's permission. (ECF No. 38.)

2

157, 165 (2d Cir. 2001) (internal quotation marks omitted).  Rule 7 of the Federal Rules of Criminal Procedure requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  An indictment satisfies this rule if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

It is not appropriate to weigh the sufficiency of the evidence on a pretrial motion to dismiss.  *United States v. Tucker*, No. 16-CR-91, 2017 WL 3610587, at *2 (S.D.N.Y. Mar. 1, 2017) (citing *United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998)).  To withstand a Rule 12 motion to dismiss, an indictment "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."  *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008) (citation omitted).  The indictment need not "specify evidence or details of how the offense was committed."  *United States v. Wey*, No. 15-CR-611, 2017 WL 237651, at *5 (S.D.N.Y. Jan. 18, 2017).

The superseding indictment, which was returned on February 5, 2021, (ECF No. 24), meets this minimal test.  Title 18 of the United States Code, section 922(g)(1) makes it unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to "possess in or affecting commerce, any firearm or ammunition." Accordingly, the superseding indictment charges that "[o]n or about August 31, 2020, within the Eastern District of New York, the defendants Temagen Stephenson and Robert Pettigrew, each knowing that he had previously been convicted in court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting

commerce ammunition, to wit: .380 caliber cartridges." (ECF No. 24 ¶ 1.) Thus, the indictment is sufficient. At trial, it will be the government's burden to prove the allegations in the indictment beyond a reasonable doubt, and the defendant will be permitted to challenge the government's evidence.

Nor do principles of *res judicata* warrant dismissal of the indictment. Pursuant to the Fifth Amendment, prosecution of an offense is precluded "when an issue of ultimate fact or an element essential to conviction has necessarily been determined in favor of the defendant by a valid and final judgment in a prior proceeding." *United States v. Zemlyansky*, 908 F.3d 1, 9 (2d Cir. 2018) (citing *United States v. Cala*, 521 F.2d 605, 607-08 (2d Cir. 1975)). A defendant raising an issue-preclusion challenge has the burden of establishing "that the issue he seeks to foreclose from litigation . . . was necessarily decided in his favor by the prior verdict." *Id.* Based on the defendant's statements during the September 28, 2021 status conference, his position seems to be that the government should not be permitted to charge him with being a felon in possession of ammunition because he was convicted in state court of the felonies that form the basis for the felon-in-possession charge. First, the facts and issues underlying the defendant's prior felony convictions will not be relitigated in connection with this case. Instead, it is the fact of these prior convictions that are relevant to an element of the offense charged. Moreover, the defendant has not identified an ultimate fact or essential issue that was determined in his favor in a prior proceeding; thus, the framework of issue-preclusion is not clearly appropriate. To the extent the defendant challenges the fairness or propriety of the statute itself, that is a challenge for the legislature, and not this Court.

The defendant's jurisdictional challenge likewise is not persuasive. Federal courts have subject matter jurisdiction over federal criminal prosecutions. 18 U.S.C. § 3231.

4

## II. Motion to Suppress

The defendant also moves to suppress certain evidence and for pretrial hearings. (ECF Nos. 38, 41.) Specifically, he argues that his post-arrest, inculpatory statements should be excluded because they are the fruit of an unlawful stop on October 7, 2020 and an unreliable identification by his parole officer on October 20, 2020, and because his *Miranda* waiver on October 22, 2020 was not knowing and intelligent. (ECF No. 41-1.)

### a. October 7, 2020 Stop

On October 7, 2020, officers stopped the defendant on the street, asked for his identification and copied it. (ECF No. 1 ¶ 4; ECF No. 41-1 ¶ 8.) According to the defendant, this was an unlawful seizure within the meaning of the Fourth Amendment. (ECF No. 41-1 ¶ 8.)

The Fourth Amendment prohibits unreasonable searches and seizures. However, "a seizure does not occur simply because a police officer approaches an individual and asks a few questions." *Florida v. Bostick*, 501 U.S. 429, 434 (1991). A "seizure" under the Fourth Amendment takes place when an officer, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen . . . ." *Id.* (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)). To determine whether a seizure occurred, courts evaluate whether "a reasonable person would have believed that he was not free to leave" under the totality of the circumstances. *Mara v. Rilling*, 921 F.3d 48, 70 (2d Cir. 2019). Among the factors courts consider are:

> [T]he threatening presence of several officers; the display of a weapon; the physical touching of the person by the officer; language or tone indicating that compliance with the officer was compulsory; prolonged retention of a person's personal effects, such as airplane tickets or identification; and a request by the officer to accompany him to the police station or a police room.

*United States v. Glover*, 957 F.2d 1004, 1008 (2d Cir. 1992) (quoting *United States v. Lee*, 916 F.2d 814, 819 (2d Cir. 1990)).

5

The defendant's submissions do not establish a basis for suppression, or even an evidentiary hearing. An evidentiary hearing is warranted if a material factual dispute has been raised. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) ("An evidentiary hearing on a motion to suppress ordinarily is required if 'the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" (quoting *United States v. Licavoli*, 604 F.2d 613, 621 (9th Cir. 1979))). A factual dispute is not created by assertions of fact not based on personal knowledge. *See United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967) (denying motion to suppress in part because attorney's affidavit was not based on his personal knowledge); *United States v. Shaw*, 260 F. Supp. 2d 567, 570 (E.D.N.Y. 2003) ("It is well-settled that [a] showing [of a material factual dispute] must be made by an affidavit of someone with personal knowledge of the underlying facts."). The defendant argues that a reasonable person would not have felt free to leave under these circumstances: two officers asking him for identification and then copying it, at a time when the defendant was still recovering from the amputation of his toes. (ECF No. 41-1 ¶¶ 5-9; ECF No. 56 at 1-2.) But this argument is not supported by an affidavit of someone with personal knowledge, or by other evidence raising a material factual dispute about the October 7, 2020 encounter.

The evidence does not establish that the defendant was seized within the meaning of the Fourth Amendment. The defendant interacted briefly with officers, to whom he gave his name and identification at their request. (ECF No. 1 ¶ 4; ECF No. 41-1 ¶ 5.) No evidence suggests that the officers made any show of force, displayed their weapons, or otherwise approached the defendant with the sort of aggression or directives that would have given him the reasonable belief that he was not free to leave.

6

Thus, the defendant's motion to suppress on this basis is denied.

### b. Parole Officer's Identification

On October 20, 2020, law enforcement officers showed the defendant's parole officer a still photo from the surveillance video, and the parole officer identified the defendant.[2] (ECF No. 1 ¶ 5; ECF No. 50 at 10.) The defendant argues that this identification was unreliable and unduly suggestive, that there was therefore no probable cause for his arrest on October 22, 2020, and that his post-arrest statements should be suppressed accordingly. (ECF No. 41-1 ¶¶ 10-12.) The defendant also argues that the government should not be permitted to introduce the parole officer's identification. (*Id.* ¶¶ 17-20.) The challenge falls well short of warranting suppression, or even an evidentiary hearing.

The defendant argues that the identification procedure was unreliable under *Neil v. Biggers*, 409 U.S. 188 (1972). As an initial matter, the *Biggers* framework is not clearly apposite, as the defendant seems to concede. (*See* ECF No. 41-1 ¶ 18 ("[T]his is not a standard eye-witness identification case.").) *Biggers* typically concerns the reliability of an eye witness' identification; in this case, the defendant challenges a confirmatory identification by his parole officer.

In any event, when courts evaluate whether an identification is admissible, "reliability [is] the linchpin." *Wiggins v. Greiner*, 132 F. App'x 861, 864 (2d Cir. 2005) (quoting *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)). In this circuit, courts consider whether the identification procedure was "unduly suggestive," and if so, whether the identification is nevertheless

---

[2] According to the defendant, officers showed the parole officer a still photograph from the video that depicted the defendant by himself. (ECF No. 41-1 ¶¶ 10-11, 17.) The government maintains that detectives showed the parole officer "the video of the shooting in addition to a still frame image from the video footage depicting [the defendant] and others." (ECF No. 50 at 10.) I need not resolve this dispute, since I conclude that the defendant's motion is meritless in any event.

7

"independently reliable." *United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). An identification procedure is "unduly suggestive" when it "involve[s] coercive elements employed to elicit a specific identification." *United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 111 (2d Cir. 2020). The defendant's submissions raise no material factual dispute about the identification procedure employed here. No affidavit based on personal knowledge or other evidence suggests that the identification was improper. Moreover, it is clear from the parties' submissions that the identification by the defendant's parole officer was confirmatory, and thus, "independently reliable." *Kelly v. Lee*, No. 11-CV-3903, 2014 WL 4699952 (E.D.N.Y. Sept. 22, 2014) (finding pretrial identification "independently reliable" where identification was made by someone previously familiar with the defendant.)

    c.    *Miranda* **Waiver**

Detectives arrested the defendant on October 22, 2020; Detective Centeno advised the defendant of his constitutional rights, after which the defendant agreed to speak with detectives. (ECF No. 1 ¶ 6.) He argues that he did not knowingly and intelligently waive his *Miranda* rights because he was under the influence of prescribed medications—opiates—at the time. (ECF No. 38-1 ¶ 3; ECF No. 41-1 ¶¶ 14-16.)

For a statement made during a custodial interrogation to be admissible, the government must show by a preponderance of the evidence that a defendant's *Miranda* waiver was voluntary, knowing and intelligent. *United States v. Plugh*, 648 F.3d 118, 127 (2d Cir. 2011). Whether a waiver is knowing and voluntary is evaluated by examining the totality of the circumstances. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). A waiver is knowing when made with "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Plugh*, 648 F.3d at 127 (quoting *Moran*, 475 U.S. at 421). A defendant's mental capacity, and whether it is impaired by medication, is a relevant factor to this analysis.

As the videorecording shows, the detective advised the defendant of his constitutional rights, and the defendant waived those rights and agreed to answer questions. (*See* ECF No. 61.) The recording also undermines the defendant's assertion that he was "under the influence" and could not knowingly waive his *Miranda* rights. As the defendant concedes, the mere fact that a suspect has taken medication before questioning is not dispositive of whether his waiver was knowing and intelligent. (ECF No. 56 at 3); *See Conklin v. Hulihan*, No. 11-CV-4635, 2015 WL 3776489, at *7-8 (S.D.N.Y. June 17, 2015) (finding waiver valid notwithstanding the fact that defendant had taken prescribed OxyContin when interrogated). Even crediting the defendant's contention that he had taken prescribed opiates before the detective questioned him, (ECF No. 38-1 ¶¶ 3-4), the recording establishes that the defendant was lucid and coherent, (*see* ECF No. 61). After each *Miranda* warning, the defendant responded that he understood. (*Id.*) Before the detective read the warnings, the defendant suggested he was already familiar with them and began reciting them himself. (ECF No. 61 at 4.) After the detective advised the defendant of his rights, the defendant agreed to answer questions. (ECF No. 61.) The detective's tone and demeanor were not aggressive or coercive, and the defendant was generally responsive. (*Id.*) Nothing in the video suggests that the defendant was not lucid or that he was incapable of understanding the *Miranda* warnings or questions the detective asked him before and during the interrogation.[3] (*Id.*) He never appeared to fall asleep or suggested that he was tired. (*Id.*) Thus, a hearing is not necessary, and suppression is not warranted.

---

[3] Notably, the defendant's demeanor on the video is similar to his demeanor when he has appeared in this Court, including at the September 28, 2021 status conference.

9

## CONCLUSION

For these reasons, the defendant's motions are denied.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                             _____
                                             ANN M. DONNELLY
                                             United States District Judge

Dated: Brooklyn, New York
       October 26, 2021